PATRICK L. FORTE, #80050
CORRINE BIELEJESKI, #244599
LAW OFFICES OF PATRICK L. FORTE
One Kaiser Plaza, #480
Oakland, CA 94612
Telephone: (510) 465-3328
Facsimile: (510) 763-8354

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Case No. 10-43384 RJN |
| **KEVIN COSTA and LYNDA LEE COSTA,** | Chapter 13 |
| **Debtors.** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTORS' MOTION TO VALUE LIEN** |

1. On March 26, 2010, Debtors Kevin and Lynda Costa ("Debtors") filed their bankruptcy petition.

2. Also on March 26, 2010, Debtors filed their chapter 13 plan, which states Debtors' intention to strip the second lien of Wells Fargo Bank ("Wells Fargo") from their residence.

3. As is more fully described in the Declaration of Debtor in Support of the Motion, as of the petition date, Debtors' residence was worth $270,000.

4. Debtors owe approximately $291,981.00 to the first position creditor.

5. Pursuant to 11 U.S.C. § 1322(b)(2), Debtors' plan may "modify the rights of holders of unsecured claims."

6. The court, pursuant to 11 U.S.C. § 506 and FRBP 3012, has the authority to determine whether a debt is secured or unsecured and the value of any lien a creditor may hold. See *In re Zimmer* F.3d 1220 (9th Cir. 2002); *In re Lam*, 211 B.R. 36 (1997).

7. Therefore, the court has the authority to determine that for purposes of Debtors' chapter 13 plan only, a second position creditor's lien is valued at zero, the creditor does not have a secured claim, and the lien may not be enforced.

8. Given the value of the house and the value of the first claim, there is no equity to which the second deed of trust can attach.

For the foregoing reasons, Debtors pray that:

1. For purposes of Debtors' chapter 13 plan only, the court value Wells Fargo's second position lien at zero, hold that Wells Fargo does not have a secured second claim, and hold that Wells Fargo's second position lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2), and 1327; and

2. Upon entry of a discharge in Debtors' chapter 13 case, Wells Fargo's lien shall be voided for all purposes, and upon application by Debtors, the court will enter an appropriate form of judgment voiding the lien.

Dated: May 30, 2010                /s/   Corrine Bielejeski_____
                                         Corrine Bielejeski
                                         Attorney for Debtors